**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID TYRAN,

                Petitioner,

                                 CASE NO. 2:09-CV-10540
v.                             HONORABLE ARTHUR J. TARNOW
                                 UNITED STATES DISTRICT JUDGE

KENNETH T. McKEE,

                Respondent.
_____/

**OPINION AND ORDER DENYING A CERTIFICATE OF APPEALABILITY**
**AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

On November 2, 2009, the Court issued an opinion and order summarily

dismissing the petition for writ of habeas corpus, on the ground that petitioner failed to

comply with the statute of limitations contained in 28 U.S.C. § 2244(d)(1).

Petitioner has now filed a notice of appeal, which this Court construes as a request for a

certificate of appealability.[1]  Petitioner has also filed an application for leave to appeal

*in forma pauperis.*  For the reasons stated below, the Court will deny the motion for a

certificate of appealability, but will grant petitioner leave to appeal *in forma pauperis.*

An appeal may not be taken from the final order of a district court denying a

motion filed pursuant to 28 U.S.C. § 2254 unless a certificate of appealability issues. 28

U.S.C. § 2253(c)(1)(A).  In order to issue a certificate of appealability, the district court

must find that the petitioner has made a "substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2).

---

[1] *See Luberda v. Trippett,* 211 F. 3d 1004, 1006 (6th Cir. 2000); *Hilliard v. United States*, 157 F. 3d 444, 447 (6th Cir. 1998).

1

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.  In such a circumstance, no appeal would be warranted.  *Id.*

For reasons stated in greater detail in the opinion and order of summary dismissal, this Court found that the instant petition was untimely, because petitioner did not file his habeas petition or any state post-conviction motion which would toll the limitations period within one year of his conviction becoming final on April 29, 1997. Although petitioner alleged that he had newly discovered evidence from a witness to support an intoxication defense, this Court  concluded that the commencement of the one year limitations period was not delayed pursuant to 28 U.S.C. § 2244(d)(1)(D), because petitioner failed to attach the affidavit of this unnamed witness to any of his pleadings, did not indicate when, or even if, the witness signed an affidavit, nor did he offer any explanation how the factual predicate of his claim could not have been discovered earlier or what steps he took to discover the factual basis for this claim. Finally, the Court concluded that petitioner was not entitled to equitable tolling of the

2

one year limitations period, because he failed to argue that circumstances of his case warranted equitable tolling, nor did he present any new, reliable evidence to establish that he was actually innocent of the crime.

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002).

Although this Court has denied a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)).  Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a).  "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765.  Although jurists of reason would not debate this Court's resolution of petitioner's case, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

3

**ORDER**

Based upon the foregoing, IT IS ORDERED that a certificate of appealability is

**DENIED.**

**IT IS FURTHER ORDERED** that the motion for leave to appeal *in forma pauperis* is **GRANTED.**

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  January 28, 2010

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on January 28, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

4